IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DONOVAN FLUHARTY,

    Plaintiff,

v.                                      Civil Action No. 5:08CV70
                                                     (STAMP)

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Donovan Fluharty, filed an application on December 2, 2005, for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") under Titles XVI and II, respectively, of the Social Security Act, alleging disability beginning on October 17, 2005.[1]

The state agency denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing before Administrative Law Judge ("ALJ") Paul Sacks was held on May 15, 2007. The plaintiff, represented by counsel, testified on his own behalf. Vocational Expert ("VE") Noel Plummer also testified at the hearing. On September 27, 2007, the ALJ issued a

---

[1] The Social Security Administration denied the plaintiff's application for SSI on December 8, 2005 because of his excess income from pensions. In this civil action, the plaintiff is not disputing the SSI denial due to his excess income. This case, therefore, is solely proceeding before this Court on the DIB claim denial.

decision finding that the plaintiff was not disabled prior to December 31, 2002, his date last insured. The Appeals Council denied the plaintiff's request for review on January 8, 2008, rendering the ALJ's decision the final decision of the Commissioner. Thereafter, the plaintiff filed the present action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security.

The case was referred to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for summary judgment, or, in the alternative, a motion for remand. The defendant filed a motion for summary judgment. Magistrate Judge Kaull considered the plaintiff's and the defendant's motions and submitted a report and recommendation. In his report, the magistrate judge recommended that the defendant's motion for summary judgment be granted, and the plaintiff's motion for summary judgment, or, in the alternative, motion for remand be denied.

Upon submitting his report, Magistrate Judge Kaull informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. To date, no objections have been filed.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In his motion for summary judgment, or, in the alternative, motion for remand, the plaintiff argues that: (a) the evidence reflects that on or before his date last insured, the plaintiff had a severe impairment, and he was not capable of performing any more than a range of light work from a physical standpoint; (b) there existed a lack of any work-up by the Commissioner nor assessment of physical limitations by a state agency physician; (c) the Grid Rule 202.06 requires a finding of disability in this case; and (d) the ALJ failed to consider the "worn out worker" exception prior to deciding the merits of the plaintiff's claim. Alternatively, the Commissioner contends that the plaintiff's arguments are without merit and that substantial evidence supports the ALJ's finding that the plaintiff could perform his past relevant work.

3

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A. <u>Supplemental Security Income Benefits Decision</u>

In his recommendation, Magistrate Judge Kaull recognized that as a threshold matter, the plaintiff did not dispute the ALJ's finding that the plaintiff continued to have unearned income in excess of that permitted for SSI benefits. Accordingly, the magistrate judge found that substantial evidence supports the ALJ's finding regarding SSI benefits. This finding is not clearly erroneous.

B. <u>Lack of Evidence</u>

The plaintiff argues that if the issue of disability on or before the date last insured is not decided in his favor, his claim should be remanded to the Commissioner because the Commissioner did not seek additional evidence, other than what the plaintiff provided, to make a determination on the plaintiff's claim.

4

The magistrate judge found that the Commissioner did not seek additional medical evidence because such evidence was not necessary to determine either the plaintiff's SSI or DIB claims. Particularly, despite any medical evidence, the plaintiff's unearned income was too high for SSI benefits. Furthermore, because the plaintiff misstated his alleged disability onset date to be October 17, 2005, nearly three years <u>after</u> his date last insured, his DIB claim was also denied at the administrative level. These denials, therefore, were not based on medical evidence, and the Commissioner did not err in failing to acquire such medical evidence.

The magistrate judge also found that this case does not require remand as long as the evidence before the ALJ was sufficient for him to determine whether the plaintiff was disabled on or before his date last insured. As the magistrate judge notes in his recommendation, the notice of hearing provided to the plaintiff, stated, in pertinent part, "If there is more evidence you want to submit, get it to me right away. If you cannot get the evidence to me before the hearing, bring it to the hearing. If you want to see your file before the date of the hearing, call this office." (R. 22.) The plaintiff did not request that any further evidence be obtained, nor did he object to the evidence already before the ALJ at the hearing. Finding that the evidence before the ALJ was sufficient for him to make such a determination, the magistrate judge recommended that the plaintiff's alternative

motion for remand should be denied. Accordingly, this Court finds that there is no clear error in the magistrate judge's recommendation to deny the plaintiff's alternative motion for remand because the evidence before the ALJ was sufficient for him to make a determination regarding the plaintiff's disability.

C.  Grid Rule 202.06

The plaintiff argues that Grid Rule 202.06 directs a finding of disability in this case. The magistrate judge disagreed. Indeed, the magistrate judge found that the plaintiff was 55 years old on his date last insured, and therefore, is considered "advanced age 55-59." Furthermore, Magistrate Judge Kaull agreed with the plaintiff that plaintiff is considered a "high school graduate or more -- does not provide for direct entry into skilled work," because the plaintiff is a high school graduate with additional electrical training.

Nevertheless, the magistrate judge noted that the plaintiff incorrectly contends that his past relevant work was at the "medium to heavy" exertion level, unskilled or semi-skilled, and that there would be no transferability of skills to light or sedentary occupations. On the contrary, according to the VE's testimony, the plaintiff's job as an electrical motor inspector/repairman would be at the medium exertional level and skilled. Moreover, the plaintiff's knowledge of motor repair and electricity would be transferable to jobs at the light and sedentary levels. With that said, even if the plaintiff was limited to "light" exertional work,

6

he would not meet the findings of disability under the Grids. The magistrate judge recommended that substantial evidence supports the ALJ's determination that the plaintiff would not be disabled under the Grids, even if the plaintiff was limited to light exertional work. This Court finds no clear error in the magistrate judge's recommendation.

D.  The "Worn Out Worker" Exception

The plaintiff argues that despite plaintiff counsel's direction, the ALJ failed to consider the "worn out worker" exception, 20 C.F.R. § 404.1562, before deciding the merits of the plaintiff's claim. As cited by the magistrate judge, § 404.1562 provides the following:

> (a) If you have done only arduous unskilled physical labor. If you have no more than a marginal education . . . and work experience of 35 years or more during which you did only arduous unskilled physical labor, and you are not working and are no longer able to do this kind of work because of a severe impairment(s) . . . we will consider you unable to do lighter work, and therefore, disabled.
>
> Example to paragraph (a): B is a 58-year-old miner's helper with a fourth grade education who has a lifelong history of unskilled arduous physical labor. B says that he is disabled because of arthritis of the spine, hips, and knees, and other impairments. Medical evidence shows a "severe" combination of impairments that prevents B from performing his past relevant work. Under these circumstances, we will find that B is disabled.
>
> (b) If you are least 55 years old, have no more than a limited education, and have no past relevant work experience. If you have a severe, medically determinable impairment(s) . . . are of advanced age (age 55 or older . . .), have a limited education or less . . . and have no past relevant work experience . . . we will find you disabled . . . .

7

The magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff did not meet the requirements of the "worn out worker" exception because the plaintiff has better-than-high-school education, his past relevant work was at the medium exertional level and skilled, and those skills were transferable to light or even sedentary work. This finding is not clearly erroneous.

F. <u>Severe Impairments as of Plaintiff's Date Last Insured</u>

Lastly, the plaintiff argues that "the evidence reflect[s] that on or before December 31, 2002, his date last insured: (1) the plaintiff had a 'severe' impairment; and (2) that he was not capable of performing any more than a range of light work from a physical standpoint."[2] The magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff had no severe impairments as of December 31, 2002, his date of last insured. This finding is not clearly erroneous.

The "severity" test, 20 C.F.R. § 404.1520(c), states, "If you do not have any impairment or combination of impairment which significantly limits your physical or mental ability to do basic work activities, we will find that you do not have a severe impairment and are, therefore, not disabled . . . ." Furthermore,

---

[2]This was actually the plaintiff's first argument in his motion. Finding it to be the most persuasive argument, however, the magistrate judge chose to address it last. This Court, in reviewing the magistrate judge's report and recommendation for clear error, has chosen to address the plaintiff's arguments in the same order undertaken by the magistrate judge.

8

"[a]n impairment or combination of impairments is not severe if it does not significantly limit your physical or mental ability to do basic work activities." 20 C.F.R. § 404.1521(a). In <u>Evans v. Heckler</u>, 734 F.2d 1012, 1014 (4th Cir. 1984), the Court of Appeals for the Fourth Circuit held that "an impairment can be considered as 'not severe' only if it is a <u>slight abnormality</u> which has such a <u>minimal effect</u> on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." (emphasis included).

In this case, the magistrate judge found that the ALJ's following determination was supported by the record up to and including the plaintiff's date last insured:

> Medical records, covering the period from November 1999 to February 2003, from Dr. A. Shetty, the only records in evidence for the period prior to and including the claimant's date last insured, December 31, 2002, show that while hypertension and diabetes mellitus had been diagnosed during the relevant time period, those conditions were not then severe. In fact, the majority of Dr. Shetty's progress notes document either simple acute conditions, which resolved with treatment without residuals, or simple check-ups, such as for this Commercial Driver's License (hereafter, "CD"), during which the claimant reported he was "doing well."

(R. 15.) Furthermore, the magistrate judge found that the ALJ properly gave controlling weight to Dr. Shetty's, the plaintiff's treating physician, medical opinion that stated, in pertinent part, "In the meantime, as far as December, 02, is concerned in answering the physical residual functional capacity for that time, if you look at my notes, [the plaintiff] was in good shape at that time. As far as his impairment, he did not have any." (R. 133.)

9

Although the plaintiff's physician then submitted a second letter in which he changes his opinion concerning the plaintiff's condition, the magistrate judge agreed with the ALJ that this second letter was faulty for several reasons. Most significantly, the second letter gives no explanation as to why Dr. Shetty changed his opinion from the plaintiff having no impairments to a requirement of only "light" exertional activity. Accordingly, the magistrate judge found that substantial evidence supports the ALJ's determination that the plaintiff had no severe impairments as of his date last insured, December 31, 2002. This Court finds no clear error in the magistrate judge's findings.

## IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the defendant's motion for summary judgment be GRANTED, and that the plaintiff's motion for summary judgment, or, in the alternative, motion for remand, be DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

Finally, this Court finds that the plaintiff was properly advised by the magistrate judge that failure to timely object to the report and recommendation in this action will result in a

waiver of appellate rights. Because the plaintiff has failed to object, he has waived his right to seek appellate review of this matter. See <u>Wright v. Collins</u>, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: December 10, 2008

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE